IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN CLEMONS           Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 11-3452 |
| MICHAEL W. HARLOW; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA           Respondents. | : : | |

### ORDER

AND NOW, this 30th day of July, 2012, upon consideration of: Petitioner Allen Clemons's Petition for Writ of Habeas Corpus (Doc. No. 1), including amendment thereof (Doc. No. 4); Respondents' Opposition thereto (Doc. No. 9); the Honorable Carol Sandra Moore Wells's Report and Recommendations (Doc. No. 12); Petitioner's Objections thereto (Doc. Nos. 14 & 15); and, Respondents' Opposition to said Objections (Doc. No. 18), it is hereby ORDERED that:

(1)    Petitioner's Objections are OVERRULED;[1]

---

[1] Petitioner herein objects to the Honorable Wells's recommendation that his Habeas Petition be dismissed in its entirety. In doing so, Petitioner first argues that equitable tolling should excuse the untimeliness of his Petition because "extraordinary circumstances" existed involving his prior attorney, which prevented him from timely filing the instant Petition. Petitioner further argues that if equitable tolling is applied, six of the remaining eight issues presented in his Petition should be excused from procedural default, while the two non-defaulted issues should be deemed meritorious.

Preliminarily, this Court notes "Exhibit One" of Petitioner's Objections, which is a letter from his Post Conviction Relief Act ("PCRA") counsel, and forms the primary basis for Petitioner's argument that equitable tolling should be applied in this case. In said letter, PCRA counsel informs Petitioner that she might not have received the Pennsylvania Supreme Court's notice of denial of allocatur because of a medical situation she was dealing with, but that he should file his habeas petition forthwith and request that the court equitably toll the filing

    (2)    The Report and Recommendation to dismiss all of Petitioner's claims without an evidentiary hearing on the basis of untimeliness is APPROVED

---

deadline on the basis of extraordinary circumstances. (Doc. No. 15, 37-39). Inasmuch as Petitioner had already filed the instant Petition more than six weeks prior to receiving counsel's missive, this letter is of no consequence, except to demonstrate that Petitioner had the ability to pursue habeas relief on his own, at an earlier time. Moreover, the circumstances delineated in counsel's letter cannot be deemed "extraordinary," but instead, constitute nothing more than excusable neglect. *See LaCava v. Kyler,* 398 F.3d 271, 276 (3d Cir. 2005) ("We have stated that 'in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling.'") (citations omitted); *see also Cristin v. Wolfe,* 168 F. App'x 508, 511 (3d Cir. 2006) ("Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling.").

    It is well-settled that the doctrine of equitable tolling should be utilized "sparingly." *See Schlueter v. Varner,* 384 F.3d 69, 80 (3d Cir. 2004) (noting that in the habeas context, equitable tolling "is to be applied sparingly [and is] appropriate when 'the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.'") (citation omitted); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (finding that equitable tolling was not appropriate where Petitioner "was not prevented in an extraordinary way from asserting his rights."). The facts presented by Petitioner do not justify equitable tolling in this case. As such, *all* of Petitioner's claims are untimely and this Court need not assess whether or not he has provided a sufficient basis for excusing the procedural default that exists on six of his eight claims, or whether the remaining two claims are meritorious.

    This Court has reviewed Petitioner's Objections and supporting brief in conjunction with Judge Wells's thorough analysis, and finds no error with the proposed recommendations. In fact, Petitioner presents no specific objections to the legal findings of Judge Wells. *See Muhammad v. Walsh*, No. 10-CV-527, 2011 U.S. Dist. LEXIS 140445, at *5 (E.D. Pa. Dec. 6, 2011) (overruling objections where "Petitioner merely rehashes his arguments for habeas relief and fails to identify any errors made by [the Magistrate]."). Moreover, Petitioner has added claims to his Objections, which were not presented to Judge Wells in the original Petition. This Court shall not consider same. *See Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003) ("[T]he vast majority of authority holds that a district court may properly refuse to hear claims not first presented to the assigned Magistrate Judge. This is so because 'the purpose of the Magistrates Act would be frustrated if … a district court [was required] to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful.'") (citations omitted); *see also Stromberg v. Varano,* No. 09-CV-401, 2012 U.S. Dist. LEXIS 95877, at *7 (E.D. Pa. July 10, 2012) ("The Court is not required to consider the new arguments raised, for the first time, in Petitioner's Objections to the R&R."); *Hammond v. Brooks,* No. 04-CV-5783, 2009 U.S. Dist. LEXIS 45783, at *16 n.5 (E.D. Pa. May 29, 2009) ("In addition to timeliness, it is generally accepted that a habeas court can refuse to hear claims that were not raised before the magistrate judge."). Accordingly, the remainder of Petitioner's Objections to the Report and Recommendation shall be overruled in their entirety.

    and ADOPTED;[2]

 (3) The relief sought by Petitioner is DENIED; and

 (4) There exists no substantial showing of the denial of a constitutional right which would require the issuance of a Certificate of Appealability.

            BY THE COURT:

            /s/ C. Darnell Jones, II  J.

---

[2] This Court does note that in footnote 4 of the Report and Recommendation, the date upon which Petitioner signed his habeas petition is erroneously indicated to be December 22, 2011, when in fact, it was signed on May 22, 2011. Inasmuch as the correct date is utilized in the main body of the discussion for purposes of assessing the timeliness of the petition, this error is insignificant.